IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VOICEMAIL CLUB, INC.,
a California corporation,

    Plaintiff,

  v.

ENHANCED SERVICES BILLING, INC.,
a Delaware corporation,

    Defendant.
                                         /

No. C 12-02189 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; GRANTING MOTION FOR TRANSFER OF VENUE; AND TRANSFERRING ACTION TO THE WESTERN DISTRICT OF TEXAS**

Currently before the Court is defendant's motion to dismiss for improper venue, or, in the alternative, to transfer venue to the Western District of Texas. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for October 12, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby DENIES the motion to dismiss, GRANTS the motion to transfer venue, and TRANSFERS this action to the Western District of Texas.

**BACKGROUND**

Defendant Enhanced Services Billing, Inc. ("ESBI"), a Delaware corporation with its principal place of business in San Antonio, Texas, is in the business of billing aggregation for telephone carriers. Mot. at 1. In or about March 2008, ESBI entered into a contract with plaintiff Voicemail Club, Inc. ("VMC"), a California corporation. *Id.* The contract contains an indemnity provision, stating that VMC

is to indemnify ESBI for any claim arising against ESBI by third parties. Compl., Ex. A, Section 12(c). In addition, the contract contains a forum selection clause stating:

> Except for the arbitration proceedings provided for herein, it is agreed by and between the Parties that all disputes and matters whatsoever arising under, in connection with or incident to this Agreement shall be litigated, if at all, in and before a court located in Bexar County, Texas, to the exclusion of the courts of any other county, state or country.

*Id.* at Section 20.

The indemnity agreement was triggered when AT&T Inc. sought indemnification from ESBI after AT&T Inc. was sued in the *Nwabueze v. AT&T Inc., et. al.* putative class action, Case No. 09-cv-1529 (SI). Compl. at 11. ESBI, in turn, tendered its indemnity obligation to VMC. Opp'n. at 2.

On May 2, 2012, plaintiff VMC filed this action seeking (1) a declaration of its rights and obligations under its agreement with ESBI, (2) an accounting from ESBI for the funds VMC has paid to date, and (3) to recover all funds wrongfully extracted from ESBI, among other relief. *Id.*

Defendant ESBI now moves to dismiss this case under Rule 12(b)(3) or 12(b)(6), or transfer the case to the United States District Court, Western District of Texas pursuant to 28 U.S.C. § 1406(a) for improper venue. Alternatively, defendant requests transfer for convenience under 28 U.S.C. § 1404(a). Plaintiff contends that dismissal and transfer should be denied because the forum selection clause is unenforceable, and, alternatively, seeks leave to amend its complaint.

## LEGAL STANDARD

**1. Enforceability of Forum Selection Clauses**

Federal law applies to determine the enforceability of forum selection clauses in diversity actions. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). A motion to dismiss pursuant to a contractual forum-selection clause should be treated as a motion under Rule 12(b)(3) for improper venue. *Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996). In a Rule 12(b)(3) motion to dismiss for improper venue based on a forum selection clause, the pleadings need not be accepted as true and the Court may consider facts outside of the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citing *Richards v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)). Contested

2

facts bearing on the impact of a forum selection clause are to be treated by analogy to facts in a disputed summary judgment motion under Federal Rule of Civil Procedure 56: "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy*, 362 F.3d at 1138.

Forum selection clauses are presumptively valid and "the party seeking to avoid a forum selection clause bears a 'heavy burden' to establish a ground upon which [the court] will conclude the clause is unenforceable." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1907)). A forum selection clause is unenforceable if "enforcement would be 'unreasonable' under the circumstances." *Hendricks v. Bank of America, N.A.*, 408 F.3d 1127, 1137 (9th Cir. 2005).

A forum selection clause is unreasonable if (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court;" or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Argueta*, 87 F.3d at 325 (internal citations omitted).

## 2. Transferring Venue

If a forum-selection clause is found valid and enforceable, courts have discretion to dismiss an action commenced in a forum other than that specified in the forum-selection clause, or transfer the action to the district court located in the specified forum. 28 U.S.C. § 1406 (a). Courts should consider the basic equities of the case in deciding whether to transfer or dismiss, including any statute of limitations bar and the harshness of dismissal in light of such a bar, and the relative injustice imposed on the parties. *King v. Russell*, 963 F.2d 1301, 1304-05 (9th Cir. 1992).

Alternatively, if the forum selection clause is unenforceable and venue is proper, the court has discretion to transfer an action, "for the convenience of parties and witnesses . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

3

# DISCUSSION

## 1. The Forum Selection Clause is Enforceable

Plaintiff challenges the reasonableness of the forum selection clause on three grounds: (1) the bargaining power between plaintiff and defendant was one-sided; (2) it would be unfair to litigate this case in Texas; and (3) the enforcement of the forum selection clause would violate California public policy.

This Court disagrees with plaintiff. The forum selection clause is enforceable and venue in this District is therefore improper.

### A. The Forum Selection Clause Was Not the Result of Fraud, Undue Influence or Overweening Bargaining Power

Plaintiff's contention that enforcing the forum selection clause would be unreasonable is premised primarily on plaintiff's assertion that it did not have equal contract bargaining power with defendant. Plaintiff states that was not able to negotiate the terms of the contract, making it a contract of adhesion. Opp'n. at 6. Even if plaintiff's contentions were true, defendant's purportedly unequal bargaining power and the fact that plaintiff did not negotiate the terms of the forum selection clause do not alone render the clause unreasonable. *See Murphy*, 362 F.3d at 1141 ("a differential in power or education on a non-negotiated contract will not vitiate a forum selection clause") (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (upholding "non-negotiated forum-selection clause" that appeared in "form ticket contract")).

### B. The Selected Forum is Not So Inconvenient as to Deprive Plaintiff of Its Day In Court

Plaintiff argues that it would be "onerous, unfair and unjust" to enforce the forum selection clause because a related suit, *Nwabueze v. AT&T Inc.* -- to which plaintiff is not a party -- is pending in this District, and the witnesses, documents and counsel involved in that suit reside in California. Opp'n. at 12. Although these assertions suggest why litigation in California would be more convenient for plaintiff, they do not demonstrate how the contractually chosen venue would be so "gravely difficult and inconvenient," *Bremen*, 407 U.S. at 18, for plaintiff that it would forgo its day in court.

4

### C. Enforcement Does Not Contravene a Strong Public Policy of California

Finally, plaintiff argues that enforcement of the forum selection clause would violate the strong public policies behind California Civil Code sections 1542, 1668, and 1717. Opp'n. at 6. However, plaintiff fails to demonstrate that the underlying public policy behind those sections relate to venue.

In *Doe 1 v. AOL LLC*, the Ninth Circuit refused to enforce a forum selection clause because proceeding in the forum selected – Virginia state court – would force plaintiffs to waive both their right to proceed as a class action and to receive enhanced remedies under the California Consumers Legal Remedies Act (CLRA), which has a provision preventing the waiver of its protections. 552 F.3d at 1084-85. *See* also Cal. Civ. Code § 1751 (CLRA provides that "[a]ny waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void."). The Ninth Circuit recognized that the California Court of Appeal specifically found that enforcement of an identical forum selection clause would violate California's strong public policy in favor of allowing class actions and against waiver of protections provided under the CLRA. *Id.* at 1083 (referring to *America Online, Inc. v. Superior Court of Alameda County (Mendoza)*, 90 Cal. App. 4th 1 (2001)). Because it was judicially determined that enforcement of the forum selection clause would violate California public policy, the Ninth Circuit held that the clause was unenforceable. *See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (holding that enforcement of a forum selection clause in a franchise agreement violated California's public policy because the California Business and Professions Code explicitly provided that any provision in such an agreement restricting venue was void).

Here, unlike in *AOL* and *Jones*, plaintiff does not cite to any judicial or statutory declaration to support its assertion that enforcing the forum selection clause would contravene strong public policies behind California Civil Code sections 1542, 1668, and 1717. Instead, plaintiff conflates choice of law and forum analyses by arguing that proceeding in a Texas court will put plaintiff at great disadvantage because Texas courts "do not have as great an interest in enforcing California's policies designed to protect California residents." Opp'n. at 7. Even if Texas would provide plaintiff with a less favorable remedy compared with California, a party challenging enforcement of a forum selection clause may not

5

base its challenge on choice of law analysis. *See Swenson v. T-Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1105 (S.D. Cal. 2006) ("The question is not whether the application of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute.").

While plaintiff's argument might be relevant in considering the validity of a choice of law provision, in the context of this motion the Court only examines public policy as it relates to venue. Therefore, because plaintiff improperly speculates as to how the transferee forum would ultimately resolve the issue of what substantive law should be applied to plaintiff's claims, plaintiff fails to demonstrate how transfer of this case would contravene the public policy underlying Civil Code sections 1542, 1668, and 1717 as they relate specifically to venue.

**2. Transfer Preferred Over Dismissal**

Defendant argues that this case should be transferred, pursuant to 28 U.S.C. § 1406(a), because venue is improper. This Court agrees that venue is improper, and, to avoid the necessity of plaintiff having to file and serve a new action, hereby DENIES defendant's motion to dismiss and GRANTS defendant's motion to transfer under 28 U.S.C. § 1406(a).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss, GRANTS defendant's motion to transfer venue, and TRANSFERS this action to the Western District of Texas.

**IT IS SO ORDERED.**

Dated: October 10, 2012

SUSAN ILLSTON
United States District Judge